Matter of Luckman (2018 NY Slip Op 05471)





Matter of Luckman


2018 NY Slip Op 05471


Decided on July 25, 2018


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN, JJ.


2018-01022

[*1]In the Matter of Gregg A. Luckman, an attorney and counselor-at-law, respondent. (Attorney Registration No. 2507481)



APPLICATION pursuant to 22 NYCRR 1240.10 by Gregg A. Luckman, who was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on December 16, 1992, to resign as an attorney and counselor-at-law.



Catherine A. Sheridan, Hauppauge, NY (Michele Filosa of counsel), for Grievance Committee for the Tenth Judicial District.
Peter E. Brill, Hempstead, NY, for respondent.



PER CURIAM.


OPINION & ORDER
The respondent, Gregg A. Luckman, has submitted an affidavit sworn to on January 18, 2018, in support of his application to resign as an attorney and counselor-at-law (see 22 NYCRR 1240.10).
The respondent acknowledges in his affidavit that he is the subject of an investigation conducted by the Grievance Committee for the Tenth Judicial District involving allegations of professional misconduct, including the misappropriation of client funds, the failure to safeguard funds held in escrow, and the ongoing misuse of his attorney trust account. The respondent attests that he cannot successfully defend against the allegations based upon the facts and circumstances of professional conduct as described.
The respondent acknowledges that his resignation is freely and voluntarily tendered, without coercion or duress by anyone, with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
The respondent acknowledges that he misappropriated funds belonging to multiple clients, that he has taken steps to make those clients whole by obtaining funds from multiple sources (i.e., personal IRA accounts, a life insurance policy, and other personal financial holdings), and that other clients may exist who were impacted by the misuse of his attorney trust account but who have yet to be identified at this time.
The respondent acknowledges that his resignation is submitted subject to any future application that may be made by a Grievance Committee to any Department of the Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing that he make restitution or reimburse the Lawyers' Fund for Client Protection, and that he consents to the continuing jurisdiction of the Appellate Division to make such an order.
In addition, the respondent acknowledges and agrees that pending the issuance of an order accepting his resignation, he shall not undertake to represent any new clients or accept any [*2]retainers for future legal services to be rendered, and that there will be no transactional activity in any fiduciary account to which he has access, other than for the payment of funds held therein on behalf of clients or others entitled to receive them.
Lastly, the respondent acknowledges that in the event that the Court accepts his resignation, the order resulting therefrom and the records and documents filed in relation to the aforementioned allegations, including the affidavits, shall be deemed public records pursuant to Judiciary Law § 90(10).
The Grievance Committee recommends that the respondent's application to resign be granted.
Inasmuch as the respondent's application to resign substantially complies with the requirements of 22 NYCRR 1240.10, the application is granted, and effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.
ORDERED that the application of Gregg A. Luckman to resign as an attorney and counselor-at-law is granted; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, Gregg A. Luckman is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that Gregg A. Luckman shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, Gregg A. Luckman shall desist and refrain from (l) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that the Grievance Committee shall pursue the issue of restitution to the extent possible, and Gregg A. Luckman shall cooperate with the Grievance Committee in its pursuit of this issue; and it is further,
ORDERED that if Gregg A. Luckman has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court